**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CRYSTAL HORTON,** *on behalf of her son*, **S.H.; and
JAMIE HORTON,** *on behalf of his son*, **S.H.,**

                              **Plaintiffs,**

    vs.                                                5:15-cv-00782
                                                            (MAD/ATB)

**BOARD OF EDUCATION OF THE SHERBURNE-
EARLVILLE CENTRAL SCHOOL DISTRICT;
ERIC A. SCHNABL,** *superintendent of Schools of the
Sherburne-Earlville Central School*; **and SUSAN T.
WESTLING,**

                              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **O'HARA, O'CONNELL LAW FIRM**<br>7207 East Genesee Street<br>Fayetteville, New York 13066<br>Attorneys for Plaintiffs | **STEPHEN CIOTOLI, ESQ.** |
| **OFFICE OF FRANK W. WILLER**<br>6575 Kirkville Road<br>East Syracuse, New York 13057<br>Attorneys for Defendants School Board<br>and Schnabl | **CHRISTOPHER M. MILITELLO, ESQ.**<br>**FRANK W. MILLER, ESQ.** |
| **HANCOCK, ESTABROOK LAW FIRM**<br>100 Madison Street - Suite 1500<br>Syracuse, New York 13202<br>Attorneys for Defendant Westling | **MAUREEN E. MANEY, ESQ.**<br>**WHITNEY M. KUMMEROW, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 23, 2015, Crystal and Jamie Horton ("Plaintiffs") commenced this action on behalf of their son, Schuyler Horton ("Schuyler" or "S.H."),[1] alleging a depravation of his due process rights and liberty interests pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. The complaint names the Board of Education of the Sherburne-Earlville Central School District (the "Board"), the superintendent of schools of the Sherburne-Earlville Central School District, Eric A. Schnable ("Defendant Schnable"; collectively the "School Defendants"), and Susan T. Westling ("Defendant Westling"), as defendants in the instant action. *Id.* Currently before the Court are the School Defendants' Rule 12(b)(6) motion to dismiss and Defendant Westling's Rule 12(c) motion for judgment on the pleadings. *See* Dkt. Nos. 18, 22.

## II. BACKGROUND

At the commencement of this action, Schuyler Horton was a senior at the Sherburn-Earlville Central School District (the "District"). Dkt. No. 1 at ¶ 3. In addition to academic classes at the District, Schuyler was also enroled in the BOCES Conservation & Equipment Technology program (the "BOCES Program"). *Id.* at ¶ 8. On November 7, 2014, Plaintiffs were informed that Schuyler was suspended from school for a period of five days to commence November 10, 2014. *Id.* at ¶¶ 7, 8. This initial notice of Schuyler's suspension informed Plaintiffs that they had the right to an informal conference and to question complaining witnesses. *Id.* On November 12, 2014, Plaintiffs received notice of a disciplinary hearing scheduled for November 13, 2014 to address three charges of misconduct alleged against Schuyler. *Id.* at ¶ 9. The charges related to a physical altercation that occurred between several students in the BOCES locker room on October 29, 2014 (the "locker room incident"). *Id.*

---

[1] The Court will refer to Schuyler Horton by his full name, rather than S.H., as he has now reached the age of majority. *See* Dkt. No. 28 at 5 n.1.

Plaintiff Crystal Horton and Schuyler attended the November 13 hearing, which Defendant Westling presided over. *See* Dkt. No. 18-9 at 31-56. At that hearing, Defendant Westling took the testimony of numerous witnesses, and Crystal Horton was permitted to ask questions of each witness. *Id.* Defendant Westling also considered a written statement by the victim of the alleged locker room incident. Dkt. No. 1 at ¶ 13. At the conclusion of the hearing, Defendant Westling concluded that Schuyler, *inter alia*, engaged in several acts of physical, sexual, verbal, and emotional abuse. Dkt. No. 18-9 at 70. As a result, Defendant Westling recommended that Schuyler be suspended for the remainder of the 2014-2015 school year. *Id.* On November 14, 2014, Defendant Schnable adopted Defendant Westling's recommendation and Schuyler was officially suspended for the remainder of his senior year. *Id.* at 73-74.

After the November 13 hearing, Plaintiffs obtained new evidence that had not been presented during the initial hearing. Dkt. No. 1 at ¶ 15. This evidence consisted of a videotape of several students talking about the October 29, 2014 incident giving rise to Schuyler's suspension. *Id.* Plaintiffs contend that the videotape proves that Schuyler was not involved in the locker room incident. *Id.* at ¶ 16. Thereafter, Plaintiffs, through counsel, requested the investigation be reopened, and the District conducted a second hearing on January 27, 2015. *Id.* at ¶ 19. At that hearing, the videotape was introduced into evidence and Schuyler testified on his own behalf that he was not involved in the locker room incident. *Id.* After this second hearing, Defendant Schnable decided to uphold the suspension despite the new evidence. Dkt. No. 18-9 at 94. Thereafter, Plaintiffs brought this matter to the Board for an appeal hearing on February 9, 2015. Dkt. No. 1 at ¶ 23. The Board likewise decided to uphold Schuyler's suspension for the remainder of the school year. *Id.*

### III. DISCUSSION

Defendants' motions present arguments to dismiss for failure to state a cause of action on several grounds, and Defendant Westling argues that the action should be dismissed for Plaintiffs' lack of standing in the case. As a challenge to standing is a challenge to the Court's subject matter jurisdiction, the Court must first consider this argument before reaching the merits of Defendants' remaining grounds for dismissal. *See Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12 Civ. 0722, 2012 WL 4849146, *3 (S.D.N.Y. Oct. 12, 2012) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

## A.     Legal Standard: Standing

"Standing is a proper ground upon which to challenge a court's subject matter jurisdiction: 'If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.'" *Id.* at *3 (quoting *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012)). While a plaintiff must ordinarily "'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties[,] . . . [p]arents generally have standing to assert the claims of their minor children." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) (quotations and citations omitted). However, "'[s]uch rights as [parents] . . . to prosecute an action [on their child's] behalf . . . clearly cease[]' when the child becomes an adult." *Capellupo v. Webster Cent. Sch. Dist.*, No. 13-CV-6481, 2014 WL 6974631, *3 (W.D.N.Y. Dec. 9, 2014) (quoting *Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt. 1977), *aff'd* 573 F.2d 1295 (2d Cir. 1977)) (other citations omitted). It is axiomatic that "'standing is to be determined as of the commencement of suit,'" *Clarex Ltd.*, 2012 WL 4849146, at *4 (quoting *Fenstermaker v. Obama*, 354 Fed. Appx. 452, 455 n.1 (2d Cir. 2009)), and "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences

4

favorable to the party asserting it[,]" *Treiber v. Aspen Dental Mgmt., Inc.*, 94 F. Supp. 3d 352, 361 (N.D.N.Y. 2015) (quotation omitted).

"[A]lthough parents may sue on behalf of their minor child, they do not have standing to assert claims on their own behalf for a violation of their child's rights." *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881, 2012 WL 4477552, *19 (S.D.N.Y. Sept. 27, 2012) (citation omitted); *see also Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) ("[A parent] lacks standing to bring individual claims under § 1983 based upon a deprivation of [their child's] constitutional rights"). To the extent that a parent asserts a § 1983 claim alleging emotional distress arising from their child's alleged constitutional deprivation, such claims similarly fail "[b]ecause emotional distress does not constitute a violation of a federally protected constitutional right . . . ." *Morgan*, 166 F. Supp. 2d at 819 (citation omitted).

**B.     Analysis**

The instant dispute is strikingly similar to *Capellupo v. Webster Central School District*, 2014 WL 6974631, where the Western District of New York considered a suit brought by a mother on her child's behalf, alleging improper actions taken by the school district. In that case, the complaint alleged that the child was under 18 at the commencement of the action. *See id.* at *1. However, the defendant submitted documentary evidence in support if its motion to dismiss showing that the child was, in fact, at least 18 when the complaint was filed. *Id.* The mother was unable to refute the defendant's evidence, thereby failing in her burden to affirmatively establish standing to bring the action on her child's behalf. *Id.* The Western District concluded that the plaintiff lacked standing to maintain the claims on her adult child's behalf, therefore, the court lacked jurisdiction to entertain the action or to consider any of the other merits-based arguments raised in the defendant's motion. *Id.* at *4.

5

Here, the complaint states that Plaintiffs Crystal and Jamie Horton "bring this action on behalf of their son, S.H., who is a senior at the Sherburne-Earlville Central School District." Dkt. No. 1 at ¶ 3. The complaint is devoid of any allegation that Schuyler was a minor at the time the action was commenced. In her instant motion, Defendant Westling raised the argument that Schuyler had reached the age of majority prior to the commencement of this action, *see* Dkt. No. 18-1 at 15, and the School Defendants raised the same argument in their answer, *see* Dkt. No. 13 at ¶ 5. In response to Defendant Westling's motion, Plaintiffs apparently concede that Schuyler had reached the age of majority prior to commencing the action, instead arguing that he "was under the age of majority, 17 years old, at the beginning of [the] school year for which he was suspended[,]" and that "Plaintiffs have standing to bring suit on their son's behalf, because he had not reached the age of majority when these actions occurred." Dkt. No. 28 at 26. This argument is unpersuasive as standing is determined at the commencement of the action, not when the cause of action accrued. *See Clarex Ltd.*, 2012 WL 4849146, at *4. Since the age of majority in New York is 18, *see* N.Y. C.P.L.R. § 105(j), Plaintiffs lacked standing to commence an action on behalf of Schuyler after he had turned 18, as he was no longer a minor child, *see* Fed. R. Civ. P. 17(c).

Plaintiffs argue that the action should not be dismissed because "Schuyler himself is also named as a plaintiff in this action seeking relief for his constitutional rights claimed as violated." Dkt. No. 28 at 27. This statement is simply untrue as Schuyler was never named as a party to the action. The complaint states in multiple places that the Crystal and Jamie Horton are bringing this action on behalf of their son: "Plaintiffs, Crystal Horton and Jamie Horton, on behalf of their son, S.H., . . . state as follows," Dkt. No. 1 at 1, and "Plaintiffs, Crystal Horton and Jamie Horton . . . bring this action on behalf of their son, S.H., who is a senior at the Sherburne-Earlville Central

School District," *id.* at ¶ 3. The civil cover sheet and the caption on the complaint likewise list the plaintiffs in the action as "CRYSTAL HORTON and JAMIE HORTON, on behalf of their son, S.H." Dkt. No. 1 at 1; Dkt. No 1-7 at 1. Moreover, both Jamie and Crystal Horton signed an "individual verification" stating that they were each plaintiffs in the instant action. Dkt. No. 1 at 12, 13. Schuyler did not sign a similar individual verification to indicate that he was a plaintiff. Accordingly, the Court finds that Schuyler is not an individually named plaintiff in this action and was over the age of majority at its commencement. Therefore, the Court lacks jurisdiction to entertain an action alleging the deprivation of Schuyler's constitutional rights.

To the extent that Plaintiff's allege that they are asserting a claim on their own behalf, based upon their own emotional distress or the alleged harm sustained by Schuyler, this argument is likewise unfounded. It is clearly established that parents lack standing to individually pursue § 1983 claims arising out of their children's alleged constitutional deprivations. *See, e.g.*, *Morgan*, 166 F. Supp. 2d at 819; *Love v. Riverhead Cent. Sch. Dist.*, 823 F. Supp. 2d 193, 199 (E.D.N.Y. 2011); *Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at \*19.

Lastly, Plaintiffs contend that their "relationship [to Schuyler] and participation in the foregoing proceedings have created in them a sufficient stake in the outcome to grant them standing." Dkt. No. 28 at 26-27. The Second Circuit has established that, in certain circumstances, "[p]arents . . . have a constitutionally protected liberty interest in the care, custody and management of their children." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (citations omitted). However, such causes of action typically arise in the instance of physical removal of the child from the parent-child relationship, *see, e.g.*, *Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977) (finding that a mother had a cognizable claim under § 1983 for seizure of her children by welfare authorities without a hearing or court order), or for the deprivation of the

parent-child relationship in the wrongful death context, *see Green v. City of New York*, 675 F. Supp. 110 (S.D.N.Y. 1987). However, "the Second Circuit has not explicitly addressed whether municipal action that has an incidental effect on the parent-child relationship, as in the present case, is sufficient to make out a Section 1983 claim on behalf of a parent." *Love*, 823 F. Supp. 2d at 200. In *Love*, the Eastern District considered this same issue, finding that

> [t]he majority of the other Circuits that have addressed the issue have "expressly declined to find a violation of the familial liberty interest where the state action at issue was not aimed specifically at interfering with the relationship." *Russ v. Watts*, 414 F.3d 783, 787–88 (7th Cir. 2005) (citing cases). This Court agrees and concludes that there is no constitutional harm to a plaintiff's parental rights pursuant to Section 1983 unless the parent-child relationship itself has been targeted. *See McCurdy v. Dodd*, 352 F.3d 820, 830 (3d Cir.2003) ("It would . . . stretch the concept of due process too far if we were to recognize a constitutional violation based on official actions that were not directed at the parent-child relationship."); *Rosenhouse v. Palmyra–Macedon Cent. School Dist.*, No. 07–CV–6438, 2008 WL 2331314, at *4 (W.D.N.Y. June 3, 2008).

*Id.*

In the instant action, Plaintiffs have not alleged any interference with the parent-child relationship. The only connection that Plaintiffs individually have to their son's disciplinary hearings is that they received notice of, and were entitled to partake in the hearings on their son's behalf. *See* Dkt. No. 1 at ¶¶ 6, 9. The Court need not determine in this instance whether intentional interference with the parent-child relationship, or some lesser incidental effect, is sufficient to establish constitutional injury to the Plaintiffs' parental interests as the complaint in this case fails to allege even a minor interference with such rights. Plaintiffs' receipt of adequate notice and the active parental participation in their child's disciplinary proceedings present in this case is the antithesis of an unconstitutional interference with the parent-child relationship. *See Love*, 823 F. Supp. 2d at 200-01. Accordingly, Plaintiffs have not sufficiently alleged that

8

Defendants' actions caused constitutional harm to their parent-child relationship, and, thus, lack standing to maintain a § 1983 claim on their own behalf.

The Court concludes that it lacks jurisdiction to hear the instant action given Plaintiffs' lack of standing and the absence of any claims brought individually by Schuyler. Accordingly, the Court will not consider the remaining merits-based arguments raised by Defendants. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above stated reasons, the Court hereby

**ORDERS** that Defendant Westling's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that the School Defendants' motion to dismiss (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 4, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge